# Exhibit 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as the "Agreement") is entered into by and between Jovena Hudson ("Hudson"), Jawanda Hill-Ward ("Hill"), Chanae Jordan ("Jordan"), Demitrius Watts ("Watts"), Kenneth Hreha ("Hreha") (collectively "the Employees"), and General Motors LLC ("GM" or "Company") (collectively, "the Parties"). In this Agreement, "GM" or "Company" refers to General Motors LLC, and its current and former parent companies, subsidiaries and affiliates, as well as each of their current and former officers, directors, agents, employees, attorneys, stockholders, successors, and assigns. Additionally, "Aerotek" refers to Aerotek, Inc., and its current and former parent companies, subsidiaries and affiliates, as well as each of their current and former officers, directors, agents, employees, attorneys, stockholders, successors, and assigns.

WHEREAS, Hudson and Hill filed a lawsuit against GM and Aerotek in the United States District Court for the Eastern District of Michigan entitled *Hudson et al. v. General Motors LLC et al., Docket No. 16-cv-10326-TGB-DRJ*, alleging violations of the Fair Labor Standards Act, as amended ("FLSA") (hereinafter "the Lawsuit"), to which GM and Aerotek filed responsive pleadings denying all such allegations;

WHEREAS, in the Lawsuit, Hudson and Hill alleged that GM and Aerotek failed to properly pay overtime compensation;

WHEREAS, in the Lawsuit, GM and Aerotek contended that they accurately paid overtime to Hudson and Hill and correctly paid them for all work he performed;

WHEREAS, Hudson and Hill filed the Lawsuit on behalf of themselves and all Customer Service Representatives working within the General Motors Technical Center in Warren, Michigan within the last three years;

WHEREAS, the Lawsuit has not been conditionally certified pursuant to Section 216(b) of the FLSA;

WHEREAS, Jordan, Watts, and Hreha filed notices of consent to be party plaintiffs;

WHEREAS, GM and Aerotek deny each and every allegation of liability and wrongdoing that was asserted or could have been asserted by Hudson, Hill, Jordan, Watts, Hreha, or any members of the purported class, and each asserts that it has factual and legal defenses to all claims alleged in the Lawsuit;

WHEREAS, all Parties to this Agreement wish to avoid the time and expense which would be necessitated by further proceedings regarding the allegations in the Lawsuit and wish to effect complete accord and satisfaction of any and all charges, complaints or claims that have or could

Settlement Agreement
Jovena Hudson, Jawanda Hill-Ward, Chanae Jordan, Demitrius Watts, Kenneth Hreha &,
General Motors LLC

have been brought from the beginning of time to the date of execution of this Agreement, whether arising under local, state, or federal law or contract.

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the Parties to this Agreement agree as follows:

1. The Parties agree that they will jointly file a motion with the United States District Court for the Eastern District of Michigan, requesting that this Agreement be approved and that the Lawsuit be dismissed with prejudice. The effective date of this Agreement shall be the date that the Court approves this Agreement and dismisses the Lawsuit with prejudice ("Effective Date"). However, in the event that the Court does not approve this Agreement or dismiss the Lawsuit with prejudice, the Parties agree and acknowledge that this Agreement shall be null and void and have no effect.

2. In consideration for Hudson, Hill, Jordan, Watts, and Hreha's promises made herein, and upon the Court approving this Agreement and dismissing the Lawsuit with prejudice, GM shall pay the sum of TWENTY-NINE THOUSAND NINE HUNDRED NINETY-FOUR AND 00/100 DOLLARS ($29,994.00) ("Settlement Sum") to Hudson, Hill, Jordan, Watts, Hreha, and their attorneys, as set forth below. Payment of the Settlement Sum will be in eleven (11) checks as follows:

   a. GM agrees to pay one check in the gross amount of $414, less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Hudson against the Company for alleged unpaid wages, overtime wages, back pay, and other monetary damages. Hudson must complete and return a signed W-4 in order for payment to be processed by the Company. For income tax purposes, the Company agrees to issue Hudson an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Jovena Hudson."

   b. GM agrees to pay a second check in the amount of $414, representing a compromise and settlement of any and all claims by Hudson for alleged liquidated damages. For income tax purposes, the Company agrees to issue Hudson an IRS Tax Form 1099 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Jovena Hudson."

   c. GM agrees to pay a third check in the gross amount of $681, less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Hill against the Company for alleged unpaid wages, overtime wages, back pay, and other monetary damages. Hill must

Settlement Agreement
Jovena Hudson, Jawanda Hill-Ward, Chanae Jordan, Demitrius Watts, Kenneth Hreha &, General Motors LLC

---

complete and return a signed W-4 in order for payment to be processed by the Company. For income tax purposes, the Company agrees to issue Hill an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Jawanda Hill-Ward."

d. GM agrees to pay a fourth check in the amount of $681, representing a compromise and settlement of any and all claims by Hill for alleged liquidated damages. For income tax purposes, the Company agrees to issue Hill an IRS Tax Form 1099 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Jawanda Hill-Ward."

e. GM agrees to pay a fifth check in the gross amount of $485, less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Watts against the Company for alleged unpaid wages, overtime wages, back pay, and other monetary damages. Watt must complete and return a signed W-4 in order for payment to be processed by the Company. For income tax purposes, the Company agrees to issue Watts an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Demitrius Watts."

f. GM agrees to pay a sixth check in the amount of $485, representing a compromise and settlement of any and all claims by Watts for alleged liquidated damages. For income tax purposes, the Company agrees to issue Watts an IRS Tax Form 1099 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Demitrius Watts."

g. GM agrees to pay a seventh check in the gross amount of $798, less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Jordan against the Company for alleged unpaid wages, overtime wages, back pay, and other monetary damages. Jordan must complete and return a signed W-4 in order for payment to be processed by the Company. For income tax purposes, the Company agrees to issue Jordan an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Chanae Jordan."

h. GM agrees to pay an eighth check in the amount of $798, representing a compromise and settlement of any and all claims by Jordan for alleged

Case 4:16-cv-10326-TGB-DRG ECF No. 41-1 filed 07/10/17 PageID.912 Page 5 of 15

Settlement Agreement
Jovena Hudson, Jawanda Hill-Ward, Chanae Jordan, Demitrius Watts, Kenneth Hreha &,
General Motors LLC

liquidated damages. For income tax purposes, the Company agrees to issue Jordan an IRS Tax Form 1099 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Chanae Jordan."

i. GM agrees to pay a ninth check in the gross amount of $2,169, less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Hreha against the Company for alleged unpaid wages, overtime wages, back pay, and other monetary damages. Hreha must complete and return a signed W-4 in order for payment to be processed by the Company. For income tax purposes, the Company agrees to issue Hreha an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Kenneth Hreha."

j. GM agrees to pay a tenth check in the amount of $2,169, representing a compromise and settlement of any and all claims by Hreha for alleged liquidated damages. For income tax purposes, the Company agrees to issue Hreha an IRS Tax Form 1099 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Kenneth Hreha."

k. GM agrees to pay $20,900.00, representing attorneys' fees and costs incurred on Hudson, Hill, Jordan, Watts, and Hreha's behalf for the filing and prosecution of the Lawsuit. For income tax purposes, the Company shall issue an IRS Tax Form 1099-MISC to Sommers Schwartz, P.C. at the appropriate time pursuant to IRS regulations. The check will be made payable to "Sommers Schwartz, P.C." Sommers Schwartz, P.C. must complete and return a signed W-9 in order for payment to be processed by the Company.

The checks will be delivered within a reasonable time not to exceed thirty (30) days following the Effective Date of this Agreement to the law offices of Sommers Schwartz, P.C., One Towne Square, Suite 1700, Southfield, MI 48076.

3. Hudson, Hill, Jordan, Watts, and Hreha acknowledge and agree that the Company has made no representations to them regarding the tax consequences of any amount received by them pursuant to this Agreement. Hudson, Hill, Jordan, Watts, and Hreha represent and agree that they are solely responsible for any taxes that may be determined to be due and owing as a result of the payments called for by this Agreement. Hudson, Hill, Jordan, Watts, and Hreha further agree to indemnify and hold the Company harmless from any and all claims made against the Company for back taxes owed or for statutory withholding amounts, including any penalties, costs or legal fees incurred, relating to the payments made pursuant to this Agreement, except for any

Settlement Agreement
Jovena Hudson, Jawanda Hill-Ward, Chanae Jordan, Demitrius Watts, Kenneth Hreha &,
General Motors LLC

---

employer contributions to FICA and Medicare that may be assessed to GM. Hudson, Hill, Jordan, Watts, and Hreha agree to consult with their own tax advisors regarding the tax implications of this Agreement.

4. In exchange for the Settlement Sum described in this Agreement, and other agreements stated in this Agreement, Hudson, Hill, Jordan, Watts, and Hreha , for themselves and anyone who has or who obtains legal rights or claims from them, each forever release and discharge the Company and Aerotek, and each of the Company's and each of Aerotek's current and former parent companies, subsidiaries, affiliates, and current and former officers, directors, agents, employees, attorneys, stockholders, successors, and assigns, from any and all claims and causes of action arising on or before August 18, 2016, whether known or unknown, foreseen or unforeseen, and whether asserted or not. This includes but is not limited to a release of: (a) any claim asserted or which could have been asserted in the Lawsuit, including all claims arising out of or in any way related to the FLSA, as amended; (b) any rights or claims they may have pursuant to any federal, state, or local law, including, without limitation, the following federal and state statutes, each as amended, and their corresponding regulations: Title VII of the Civil Rights Act of 1964; the FLSA; the Employee Retirement Income Security Act; the Americans with Disabilities Act of 1990; the Civil Rights Act of 1991; the Civil Rights Acts of 1866 and 1871; the Equal Pay Act of 1963; the Family and Medical Leave Act of 1993; the National Labor Relations Act; the Occupational Safety and Health Act of 1970; the Rehabilitation Act of 1973; the Consolidated Omnibus Budget Reconciliation Act of 1985; Sections 1981 through 1988 of Title 42 of the United States Code; the Genetic Information Nondiscrimination Act; the Fair Credit Reporting Act; the Lilly Ledbetter Fair Pay Act of 2009; the Immigration Reform and Control Act of 1986; the Worker Adjustment and Retraining Notification Act; the Uniformed Service Employment and Reemployment Rights Act; the Electronic Communication Privacy Act of 1986 (including the Stored Communications Act); and (c) any common law or statutory claims for allegedly unpaid wages, overtime, compensation, damages, tort, breach of express or implied contract, breach of duty of good faith, discrimination, harassment, wrongful discharge, intentional or negligent infliction of emotional distress, defamation and for any other damages or injuries incurred on the job, in relation to employment or incurred as a result of loss of employment. Hudson, Hill, Jordan, Watts, and Hreha understand and agree that this release includes and encompasses herein any and all claims with respect to attorneys' fees, costs, and expenses (provided by statute or otherwise) for or by any and all attorneys who have represented them or with whom they have consulted or who have done anything in connection with the Lawsuit and/or any of the claims released herein.

5. Hudson, Hill, Jordan, Watts, and Hreha understand, agree and acknowledge that nothing contained in this Agreement will prevent them from taking any of the following actions: (a) filing a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Securities and Exchange Commission, and/or any governmental authority charged with the enforcement of any laws (the "Agencies"); (b) reporting

Settlement Agreement
Jovena Hudson, Jawanda Hill-Ward, Chanae Jordan, Demitrius Watts, Kenneth Hreha &,
General Motors LLC

---

possible violations of any law or regulation to any of the Agencies; or (c) making disclosures to, and/or participating in any investigation or proceeding conducted by any of the Agencies.

6. Hudson, Hill, Jordan, Watts, and Hreha represent and warrant that they have not heretofore given, sold, assigned or transferred or purported to give, sell, assign or transfer any claim discussed in this Agreement or any part or portion thereof to any person, firm, corporation, association or entity. Hudson, Hill, Jordan, Watts, and Hreha agree to indemnify and hold the Company and Aerotek harmless from and against any claim, demand, damages, debt, liability, account, reckoning, obligation, cost, expense, lien, action and cause of action (including the payment of attorneys' fees and costs actually incurred whether or not litigation be commenced) based on, in connection with, or arising out of any such gift, sale, assignment or transfer or purported or claimed gift, sale, assignment or transfer.

7. With the exception that this Agreement will be filed with the Court for approval, Hudson, Hill, Jordan, Watts, and Hreha agree to keep this Agreement confidential and further covenant that they will not disclose information concerning the settlement of the underlying Lawsuit, or the termination of the Lawsuit, to any person absent a lawful court order or subpoena. Subject to this provision, Hudson, Hill, Jordan, Watts, and Hreha may inform their attorneys, tax advisors, the IRS or any state or local taxing authority, and their respective spouses or domestic partners, if any, of the terms of this Agreement. Hudson, Hill, Jordan, Watts, and Hreha will respond to other inquiries about the Lawsuit by stating only that the Lawsuit has been dismissed, or words to that effect. Hudson, Hill, Jordan, Watts, and Hreha will advise any tax advisor, attorney, or spouse or domestic partner, that they may not communicate either the terms or fact of this settlement to any other person or entity other than the IRS or any state or local taxing authority.

8. By signing this Agreement, the Employees represent and agree that they will not apply for or otherwise seek employment with the Company, Aerotek, or a call center vendor providing services to the Company at any time in the future; that they waive any and all rights they may have under any contract, law, or other source of rights to employment with the Company, Aerotek, or a call center vendor providing services to the Company; that they are not eligible for employment with the Company, Aerotek, or a call center vendor providing services to the Company; and that it is their intention to withdraw forever from the prospective pool of applicants seeking employment with the Company, Aerotek, or a call center vendor providing services to the Company. The Employees further agree that if they violate this Agreement and apply for employment with the Company, Aerotek, or a call center vendor providing services to the Company, and are rehired, their employment may be terminated without subjecting the Company, Aerotek, or a call center vendor providing services to the Company to any liability as a result of such termination. Notwithstanding these requirements, any of the Employees, including Hreha, who may be presently employed by a call center vendor to the Company need not resign from employment with the said call center vendor, but is still prohibited from applying to any positions with either the Company or Aerotek or any other call center vendor providing services to the Company.

Settlement Agreement
Jovena Hudson, Jawanda Hill-Ward, Chanae Jordan, Demitrius Watts, Kenneth Hreha &,
General Motors LLC

---

9. The Company makes this Agreement to avoid the cost of defending against the Lawsuit and/or any future legal action. By making this Agreement, the Company does not admit that the Company violated any federal, state, or local law, rule, regulation, or ordinance, or that any action taken with respect to Hudson, Hill, Jordan, Watts, Hreha, or the purported class was wrongful or unlawful or that the Company breached any of its policies or procedures. The Company further denies that any employment relationship exists or has existed between the Parties. The Parties agree that this Agreement and any information relating to its existence or the negotiations surrounding the Agreement may not be used as evidence in any subsequent proceeding, except one in which one of the Parties alleges a breach of this Agreement or one in which one of the Parties elects to use the Agreement as a defense to any claim.

10. This Agreement is the whole Agreement between the Parties and supersedes any and all prior agreements between Hudson and the Company, Hill and the Company, Jordan and the Company, Watts and the Company, and Hreha and the Company, except that, if Hudson, Hill, Jordan, Watts, or Hreha previously entered into any agreement(s) with the Company containing provisions governing confidential information, trade secrets, non-competition or non-solicitation, such provisions shall remain in full force and effect. Other than as stated herein, the Parties acknowledge that no promise or inducement has been offered for this Agreement and that this Agreement is executed without reliance on any statement of the Parties, Aerotek, or the Parties' or Aerotek's representatives. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party. Further, this Agreement may not be amended except by written agreement executed by duly authorized representatives of all Parties.

11. This Agreement may be executed in several counterparts, each of which shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same instrument. This Agreement shall not be binding until it is executed by all Parties and approved by the Court.

12. The failure by any Party to enforce at any time any of the provisions of this Agreement or to require at any time performance by another Party of any of the provisions herein shall in no way be construed to be a waiver of such provision or to affect the validity thereof.

13. This Agreement shall in all respects be interpreted, enforced and governed according to the laws of the State of Michigan, without giving effect to the conflict of laws principles of said State.

14. Hudson, Hill, Jordan, Watts, and Hreha acknowledge that they are represented by counsel and prior to the execution of this Agreement, they apprised themselves of sufficient relevant information to exercise their own considered judgment when deciding whether to execute this Agreement. Hudson, Hill, Jordan, Watts, and Hreha declare they have had the opportunity to

Settlement Agreement
Jovena Hudson, Jawanda Hill-Ward, Chanae Jordan, Demitrius Watts, Kenneth Hreha &, General Motors LLC

review the contents of this Agreement and that it is executed voluntarily and with full knowledge of its consequences. Hudson, Hill, Jordan, Watts, and Hreha further declare their decision to enter into this Agreement was not predicated or influenced by any declaration or representation of any of the corporations or entities released other than as may be contained in this Agreement.

Settlement Agreement
Jovena Hudson, Jawanda Hill-Ward, Chanae Jordan, Demitrius Watts, Kenneth Hreha &, General Motors LLC

Executed this __27__ day of __June__, 2017.

_____
Jovena Hudson

On this 27th day of JUNE, 2017, before me, KAREN A. JOHNSON, the undersigned notary public, personally appeared Jovena Hudson, and proved to me through satisfactory evidence of identification, namely __MI DRIVERS LICENSE JOUENA HUDSON__, to be the person whose name is signed on the preceding.

KAREN A JOHNSON
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires Jan. 19, 2021
Acting in the County of __OAKLAND__

_____
Signature and Seal of Notary Public

My commission expires: __01-19-2021__


Executed this _____ day of _____, 2017.

_____
Jawanda Hill-Ward

On this _____ day of _____, 2017, before me, _____, the undersigned notary public, personally appeared Jawanda Hill-Ward, and proved to me through satisfactory evidence of identification, namely _____, to be the person whose name is signed on the preceding.

_____
Signature and Seal of Notary Public

My commission expires: _____

Page 9 of 11
4572168v.2

Settlement Agreement
Jovena Hudson, Jawanda Hill-Ward, Chanae Jordan, Demitrius Watts, Kenneth Hreha &, General Motors LLC

---

Executed this _____ day of _____, 2017.

_____
Jovena Hudson

On this _____ day of _____, 2017, before me, _____, the undersigned notary public, personally appeared Jovena Hudson, and proved to me through satisfactory evidence of identification, namely _____, to be the person whose name is signed on the preceding.

_____
Signature and Seal of Notary Public

My commission expires: _____

Executed this _____ day of _____, 2017.

*/s/ JaWanda S. Hill-Ward*
Jawanda Hill-Ward

On this 3rd day of July, 2017, before me, Johnpaul Ibrahim, the undersigned notary public, personally appeared Jawanda Hill-Ward, and proved to me through satisfactory evidence of identification, namely Michigan Drivers License, to be the person whose name is signed on the preceding.

*/s/ Johnpaul Ibrahim*
Signature and Seal of Notary Public

My commission expires: 01/17/2022

Page 9 of 11
4572168v.2

JOHNPAUL IBRAHIM
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Comm. Exp. 01/17/22
Acting in the County of Oakland
Date 7/3/17

Settlement Agreement
Jovena Hudson, Jawanda Hill-Ward, Chanae Jordan, Demitrius Watts, Kenneth Hreha &,
General Motors LLC

Executed this __5__ day of __July__, 2017.

_Chanae Jordan_
Chanae Jordan

On this __5__ day of __July__, 2017, before me, __Chanae Jordan__, the undersigned notary public, personally appeared Chanae Jordan, and proved to me through satisfactory evidence of identification, namely __MI Drivers License__, to be the person whose name is signed on the preceding.

_____
Signature and Seal of Notary Public

My commission expires: __7/14/22__

Executed this _____ day of _____, 2017.

_____
Demitrius Watts

On this ____ day of _____, 2017, before me, _____, the undersigned notary public, personally appeared Demitrius Watts, and proved to me through satisfactory evidence of identification, namely _____, to be the person whose name is signed on the preceding.

_____
Signature and Seal of Notary Public

My commission expires: _____

Settlement Agreement
Jovena Hudson, Jawanda Hill-Ward, Chanae Jordan, Demitrius Watts, Kenneth Hreha &, General Motors LLC

Executed this _____ day of _____, 2017.

_____
Chanae Jordan

On this _____ day of _____, 2017, before me, _____, the undersigned notary public, personally appeared Chanae Jordan, and proved to me through satisfactory evidence of identification, namely _____, to be the person whose name is signed on the preceding.

_____
Signature and Seal of Notary Public

My commission expires: _____

Executed this __28__ day of __June__, 2017.

_____
Demitrius Watts

On this __28__ day of __June__, 2017, before me, __Kjrsten Kirkland__, the undersigned notary public, personally appeared Demitrius Watts, and proved to me through satisfactory evidence of identification, namely __Demitrius Watts__, to be the person whose name is signed on the preceding.

**KJRSTEN KIRKLAND**
Notary Public - Michigan
Wayne County
My Commission Expires May 17, 2021
Acting in the County of Macomb

Signature and Seal of Notary Public

My commission expires: May 17, 2021

Page 10 of 11
4572168v.2

Settlement Agreement
Jovena Hudson, Jawanda Hill-Ward, Chanae Jordan, Demitrius Watts, Kenneth Hreha &, General Motors LLC

Executed this ___7___ day of ___July___, 2017.

___Kenneth Hreha___
Kenneth Hreha

On this __7th__ day of __July__, 2017, before me, __Maria Gabriela Martinez__, the undersigned notary public, personally appeared Kenneth Hreha, and proved to me through satisfactory evidence of identification, namely __Driver License__, to be the person whose name is signed on the preceding.

Maria Gabriela Martinez
Notary Public
State of Michigan County of __Oakland__
My Commission Expires 08/05/2022
Acting in the County of __Oakland__

_____
Signature and Seal of Notary Public

My commission expires: __8-5-2022__

General Motors LLC

By: _____

Title: _____

Executed this _____ day of _____, 2017.

Settlement Agreement
Jovena Hudson, Jawanda Hill-Ward, Chanae Jordan, Demitrius Watts, Kenneth Hreha &, General Motors LLC

---

Executed this _____ day of _____, 2017.


_____
Kenneth Hreha

On this _____ day of _____, 2017, before me, _____, the undersigned notary public, personally appeared Kenneth Hreha, and proved to me through satisfactory evidence of identification, namely _____, to be the person whose name is signed on the preceding.


_____
Signature and Seal of Notary Public

My commission expires: _____


General Motors LLC

By: *Theresa Fellows*

Title: *Sr. HR Manager*

Executed this *27* day of *June*, 2017.